FILED
United States Court of Appeals
Tenth Circuit

July 15, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARCUS ROBERT WILLIAMS,

Petitioner – Appellant,

v.

JOHN OLIVER, Warden,

Respondent – Appellee.

No. 14-1191
(D.C. No. 1:14-CV-00332-LTB)
(D. Colo.)

ORDER AND JUDGMENT*

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Marcus Williams is a federal prisoner currently housed at the United States Penitentiary in Florence, Colorado.

In 2007, near Raleigh, North Carolina, Williams and an accomplice robbed a roadside convenience store at gunpoint. A few months later, Williams found himself indicted in the United States District Court for the Eastern District of North Carolina on two counts: (1) robbery affecting interstate commerce and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1951(a); and (2) using, carrying, and possessing a firearm during and in

---

* After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist this appeal, so the case is ordered submitted without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A).

Williams pleaded guilty to both counts. On the firearm count, Williams pleaded guilty to the specific offense of brandishing a firearm during and in relation to a crime of violence in violation of § 924(c)(1)(A)(ii). Williams's plea agreement expressly recites the mandatory minimum for that count: "7 years, consecutive to any other sentence served." Plea Agreement at 6, *United States v. Williams*, No. 5:07-CR-00259-FL-2 (E.D.N.C. June 2, 2008), ECF No. 45.

The plea agreement also shows that Williams agreed to "waive knowingly and expressly" most of his appellate and postconviction rights:

> The Defendant agrees … to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

*Id.* at 1–2.

Before sentencing, Williams filed a sentencing memorandum arguing that his presentence report had improperly classified him as a career offender under the United States Sentencing Guidelines. The Guidelines define a career offender as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2008). Picking up on that final criterion, Williams argued that one of his prior felony convictions—a North Carolina conviction for larceny from the person—did not count as a crime of violence.

At sentencing, the district court rejected that argument and sentenced Williams to 262 months in prison—178 months on the robbery count and 84 months on the firearm count.[1] Williams appealed, but the Fourth Circuit dismissed the appeal based on the appeal waiver in Williams's plea agreement.

After unsuccessfully petitioning the Supreme Court for a writ of certiorari, Williams pursued postconviction relief by filing a § 2255 motion in the Eastern District of North Carolina. The district court denied most of Williams's claims based on the waiver in his plea agreement, and the Fourth Circuit dismissed his appeal as untimely. Williams then filed a second § 2255 motion in the Eastern District of North Carolina, which the district court immediately dismissed, advising Williams that he needed the Fourth Circuit's permission before filing a second § 2255 motion. The Fourth Circuit denied Williams's ensuing request to file a second § 2255 motion.

This history brings us to the present case. In February 2014, Williams filed a pro se habeas petition under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. He raised two claims. First, he renewed his claim that the sentencing court erred when it treated him as a career offender under the Guidelines. Second, citing

---

[1] The Fourth Circuit has since vindicated the district court's view. In *United States v. Jarmon*, the Fourth Circuit held that larceny from the person under North Carolina law is a crime of violence for Guidelines purposes. *United States v. Jarmon*, 596 F.3d 228, 233 (4th Cir. 2010).

*Alleyne v. United States*, 133 S. Ct. 2151 (2013), he claimed that raising his mandatory minimum sentence based on the sentencing judge's finding that he brandished a firearm violated his Sixth Amendment right to a jury trial.

In response, the district court issued a show-cause order directing Williams to explain why his § 2241 petition should not be dismissed because his initial § 2255 motion provided an adequate and effective mechanism for testing those claims. After receiving Williams's response, the district court dismissed the action, concluding that Williams had failed to establish that his first § 2255 motion was inadequate or ineffective to test the legality of his conviction or sentence. The district court entered its final judgment and Williams timely appealed.

Before us, Williams renews his argument that his initial § 2255 motion was inadequate and ineffective to test his conviction and sentence. He concedes that by virtue of his plea agreement he waived the right to press his career-offender and Sixth Amendment arguments in his initial § 2255 motion. But he contends that his plea was involuntary, so when the district court erroneously enforced that waiver against him, it rendered his initial § 2255 motion inadequate and ineffective to test his arguments.

Before addressing Williams's argument, we first review the legal principles governing this appeal. Congress has decided that "a federal prisoner's attempt to attack the legality of his conviction or sentence"—like Williams's attempt here—"generally must be brought under § 2255, and in the district court that convicted and sentenced him." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Meanwhile, § 2241 petitions, brought in the district where the prisoner is confined, are generally reserved for complaints about the

*nature* of a prisoner's confinement, not the *fact* of his confinement." *Id.* (emphases in original).

Nevertheless, "[28 U.S.C.] § 2255(e) includes a so-called 'savings clause' which sometimes allows a federal prisoner to resort to § 2241 to challenge the legality of his detention, not just the conditions of his confinement." *Id.* But to take advantage of the savings clause, "a prisoner must show that 'the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention.' " *Id.* (quoting 28 U.S.C. § 2255(e)).

In *Prost*, we adopted a test for determining whether a § 2255 motion is inadequate or ineffective under the savings clause. We held that a federal prisoner may not invoke the savings clause and § 2241 if the prisoner had an opportunity to bring his arguments challenging the legality of his detention in an initial § 2255 motion. *Id.* at 584. Put another way, a federal prisoner may not bring a § 2241 petition challenging the legality of his conviction or sentence "so long as [the] petitioner could've raised his argument in an initial § 2255 motion." *Id.* at 588.

That rule captures this case. Williams could have raised all the arguments he presses now in his initial § 2255 motion. For example, Williams could have argued in that motion that he did not validly waive his postconviction rights in his plea agreement. He also could have argued that he didn't qualify as a career offender under the Guidelines. And he could have argued that his 7-year mandatory minimum sentence on the § 924(c) charge violated his Sixth Amendment rights. Thus, because Williams could have raised all his arguments in his initial § 2255 motion, he may not resort to § 2241 to raise them now.

Of course, Williams disagrees with that. He says he never had an opportunity to present his arguments in his initial § 2255 motion because the district court erroneously concluded that he had waived those arguments in his plea agreement. At bottom though, Williams's complaint is not that he lacked an opportunity to press his arguments in his initial § 2255 motion, but that his initial § 2255 motion failed to bear fruit. But we have said that the savings clause "is concerned with process—ensuring the petitioner an *opportunity* to bring his argument—not with substance—guaranteeing nothing about what the *opportunity* promised will ultimately yield in terms of relief." *Id.* at 584 (emphases in original). Indeed, "[t]he ultimate result [of a § 2255 motion] may be right or wrong as a matter of substantive law, but the savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim." *Id.* at 585. The upshot is that just because the district court concluded that Williams had waived most of his arguments doesn't mean that Williams had no opportunity to raise them in his initial § 2255 motion.

We conclude that the district court correctly dismissed Williams's § 2241 petition because his initial § 2255 motion provided an adequate and effective mechanism for testing his arguments. We affirm the district court's judgment and we deny Williams's motion to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge

- 6 -